Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL
United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 08 2008

at 2 o'clock and 05 min. P M.
SUE BEITIA, CLERK

U.S.A. vs. MICHAEL ANDREW SAUER                    Docket No. CR 03-00392HG-01

### REQUEST FOR COURSE OF ACTION
(Modification of Supervised Release Conditions)

COMES NOW MARK NUGENT, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Michael Andrew Sauer, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 17th day of May 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Modification of Supervised Release Conditions

To modify the conditions of supervision as follows:

*General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).*

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the offender be brought before the Court to show cause why the modification of the conditions of supervision should not be imposed.

Prob 12C
(Rev. 1/06 D/HI)

2

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[ X ]   The Issuance of a Summons and that the offender be brought before the Court to show cause why the modification of the conditions of supervision should not be imposed.

[ ]   Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on  4/7/2008

MARK T. NUGENT
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the offender be brought before the Court to show cause why the modification of the conditions of supervision should not be imposed.

Considered and ordered this 7th day of April, 2008, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:     **SAUER, Michael Andrew.**
        **Docket No. CR 03-00392HG-01**
        **MODIFICATION OF SUPERVISED RELEASE CONDITIONS**

## STATEMENT OF FACTS

Since the commencement of supervised release on 2/2/2007, the subject has remained compliant and posed no management problems. He has maintained stable housing and employment. Furthermore, the subject successfully completed outpatient substance abuse counseling and appears to be drug-free. However, based upon the mandates of U.S. vs. Stephens, the U.S. Probation Office has exhausted it's ability to continue to periodically drug test the subject to ensure that he remains drug-free. In light of the subject's extensive history of committing crimes and using illegal drugs, the U.S. Probation Office believes the amendment of the General Drug Testing Condition is necessary to enable our office to monitor the subject's future compliance.

However, based upon advice from counsel, the subject objects to the proposed amendment and has declined to waive his statutory right to a hearing.

As background information, the subject has a substantial criminal history that suggests that he suffers from a long-standing addiction to illegal drugs. With regards to the current case, in January 2003, the subject was found to be in possession of methamphetamine, drug paraphernalia, and two firearms. Upon being questioned, the subject admitted that he was a user of methamphetamine and that during the three months leading up to January 2003, he had sold crystal methamphetamine on more than 20 occasions. Furthermore, at the time of his arrest, the subject was on parole with the State of Hawaii and reportedly attending substance abuse counseling.

With regards to State of Hawaii charges, the subject has prior convictions between 6/3/1982 and 11/11/1998 for Forgery in the Second Degree, Promoting Dangerous Drugs in the Third Degree (twice), Possession of Drug Paraphernalia (twice), Promoting Prison Contraband, Failure to Return Rental Motor Vehicle, Criminal Contempt of Court (five times), Consumption or Possession of Liquor, Drinking in Public (twice), and Theft in the Fourth Degree.

Furthermore, between 7/28/81 and 1/16/2003, the defendant was arrested for Manslaughter, Ownership/Possession Prohibited (twice), Drug Paraphernalia (6 times), Promoting Dangerous Drugs in the Third Degree (7 times), Theft in the Second Degree (3 times), Criminal Contempt of Court (10 times), Electric Guns, Failure to Return a Rental Motor Vehicle, Gun Permit (twice), Promoting Detrimental Drugs in the Second Degree, Registration of Firearm (twice), Resisting Arrest, Disorderly Conduct, Failure to Appear, Promoting Detrimental Drugs in the Third Degree, Theft in the Fourth Degree, and Parole Violation. These charges were either dismissed, dismissed without prejudice, nolle prossed, the defendant was discharged or discharged pending investigation, bail was forfeited, or the disposition was unavailable.

Re:   **SAUER, Michael Andrew**
**Docket No. CR 03-00392HG-01**
**MODIFICATION OF SUPERVISED RELEASE CONDITIONS**
**STATEMENT OF FACTS - Page 2**

Based upon the aforementioned factors, it is apparent that the ability to periodically drug test the subject is necessary to monitor his future compliance and to ensure the protection of the community. Additionally, periodic drug testing may serve as a deterrent to any future drug use.

It is recommended that the Court issue a Summons for the offender's appearance before the Court to show cause why the supervised release conditions should not be modified.

Respectfully submitted by,

_____
MARK T. NUGENT
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

MTN/dck