PETER C. WOLFF, JR.  #2332
Federal Public Defender
District of Hawaii

SHANLYN A. S. PARK #6530
Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii   96850-5269

Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:     shanlyn_park@fd.org

Attorney for Defendant
MICHAEL ANDREW SAUER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL ANDREW SAUER,<br><br>　　　　Defendant. | ) Cr. No. 03-00392-HG-01<br>)<br>) MEMORANDUM IN OPPOSITION<br>) TO REQUEST FOR COURSE OF<br>) ACTION; DECLARATION OF<br>) COUNSEL; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>) |

**MEMORANDUM IN OPPOSITION
TO REQUEST FOR COURSE OF ACTION**

Defendant, MICHAEL ANDREW SAUER, by and through

undersigned counsel, Shanlyn A. S. Park, Assistant Federal Defender, hereby

submits his opposition to the Request For Course Of Action (Modification of Supervised Release Conditions) filed by the U.S. Probation Office on April 8, 2008. Docket Number (Doc. No.) 22.

At Mr. Sauer's sentencing on May 17, 2004, this Court set a three-year period of supervision, with the mandatory condition that he submit to one drug test within 15 days of release from imprisonment and at least two drug tests thereafter, as directed by the probation office. Mr. Sauer has been on supervised release for over one year, and has remained fully compliant with all conditions of supervision.

On September 2, 2005, the Ninth Circuit decided United States v. Stephens, 424 F.3d 876 (9th Cir.2005). In Stephens, the Ninth Circuit held that it was an impermissible delegation of the Court's power to let the Probation Officer determine the maximum number of non-treatment drug tests the defendant had to take. Id. at 883. According to the Stephens Court, the district court must specify the maximum numbers of tests for non-treatment drug testing because it is "penological" in nature. Id.

In its Request, the probation office states that, "based upon the mandates of U.S. vs. Stephens, the U.S. Probation Office has exhausted it's [sic] ability to continue to periodically drug test the subject" and therefore seeks to

modify the conditions of supervised release to permit it to drug test Mr. Sauer up to 8 times per month. Doc. No. 22, Statement Of Facts at 1.

The Stephens decision was issued in September of 2005. Mr. Sauer's supervise release period commenced on February 2, 2007, approximately 17 months after the Stephens decision and only now, the probation office seeks to modify his conditions of supervise release. Moreover, the facts submitted by the probation office in support of the Request are the facts of Mr. Sauer's drug usage *prior* to being sentenced. The petition does not allege any drug related activity by Mr. Sauer since his release on supervision that would necessitate further drug testing. Mr. Sauer submits that no further drug testing is warranted or legally permitted to be added at this time given that he has complied with drug testing for a year and appears to be drug free. The probation office cannot request nor should this Court order, additional conditions regarding drug testing simply to comply with Stephens without a reasonable basis to believe the condition is currently necessary.

Since his release on February 2, 2007, Mr. Sauer has been fully compliant with all the terms and conditions of supervision. In fact, he has been doing exceptionally well and has shown stability in every aspect of his life. First and foremost, Mr. Sauer has successfully completed outpatient substance abuse

counseling and has *remained drug-free since his release over one year ago.* Pursuant to this Court's original order, the probation office has administered *36* drug tests over the course of a year, and Mr. Sauer has *never once* tested positive.

In addition to staying clean and sober, Mr. Sauer has maintained a stable employment record, working at Cates International, Inc. Mr. Sauer resides with a cousin who is a police officer, with whom he has a strong relationship. Mr. Sauer's conduct on supervised release has been above reproach. This is confirmed by USPO Nugent, who writes that, "[s]ince the commencement of supervised release on 2/2/2007, the subject has remained compliant and posed no management problems. He has maintained stable housing and employment. Furthermore, the subject successfully completed outpatient substance abuse counseling and appears to be drug free." Doc. No. 22, Statement of Facts at 1. USPO Nugent similarly told defense counsel that Mr. Sauer "is doing really well, has a good job, has been stable, fully compliant."

Despite Mr. Sauer's good standing, the probation office seeks to modify the conditions of supervision to permit drug testing up to 8 times per month during the remainder of the term of supervised release, *a change that the probation officer does not justify nor even intend to implement.* In the aforementioned communication with defense counsel, USPO Nugent stated that he was

moving to amend the conditions "to allow up to 8 valid drug tests a month, *which we wouldn't do unless of course he did poorly*." (Emphasis added.) The defense submits that such a request is legally impermissible, and sends the wrong message to Mr. Sauer and other like defendants who have fully complied with a court's sentence as originally imposed.

In order for the probation office to seek a modification to the conditions of Mr. Sauer's supervise release, the probation office must demonstrate that it has a reasonable basis to seek such a modification.

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release ... in order to account for new or unforeseen circumstances. ... More specifically, the first clause of § 3583(e) obligates courts to consider a litany of factors, incorporated by reference, that are germane to the modification of supervised release.

United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)) (format emended, footnote and citation omitted). The aims of imposing supervised release conditions are deterrence, public protection, and offender rehabilitation.

> The principal statutory provision that constrains the district court's discretion to impose conditions of supervised release is 18 U.S.C. § 3583(d). Under this subsection, district courts may impose conditions "if they

> are reasonably related to the goal of deterrence,
> protection of the public, or rehabilitation of the offender,
> *and involve no greater deprivation of liberty than is
> reasonably necessary for the purposes of supervised
> release.*

United States v. Stoterau, __ F.3d __, 2008 WL 1868997 (9th Cir. April 29, 2008) (citing United States v. Rearden, 349 F.3d 608, 618 (9th Cir. 2003) (emphasis added, footnote omitted).  The proposed modification does not meet any of these criteria.

As the probation office reports, Mr. Sauer has been and continues to be in full compliance with *all* the conditions of supervision for over a year.  As there are no indications of recidivism, deterrence and protection of the public would not be served by the modification.  Nor would the modification serve to rehabilitate Mr. Sauer, as he has already been rehabilitated, having successfully completed outpatient substance abuse counseling, remained drug free and posed no management problems.  Furthermore, the proposed modification would subject Mr. Sauer to greater deprivation of liberty than is reasonably necessary for the purposes of supervised release.  Indeed, in light of Mr. Sauer's success thus far, the proposed modification would serve no purpose at all.  To permit modification at this time -- especially a modification that the probation office *has no intention of implementing* -- would achieve none of the goals of supervised release.

6

Moreover, the <u>Stephens</u> decision that the probation office is relying upon to seek the modification does not mandate that a defendant be subjected to drug testing through out the entire period of supervise release, but rather sets out limits as to how and when drug testing should be imposed. In fact, <u>Stephens</u> and the sentencing statutes recognize that the drug testing condition may be ameliorated or *suspended* by a court. <u>Stephens</u> 424 F.3d at 879 (emphasis added). The decision in <u>Stephens</u> is not simply a vehicle to be used to increase drug testing but rather to limit through justification the number of tests to be conducted. Reviewing all the facts submitted by the probation office it appears that Mr. Sauer's drug testing should be suspended given there is no current justification to continue drug testing. No reasonable cause exists in this case, at this time, to increase or to, in effect, add an additional condition upon Mr. Sauer given his conduct to date. The proper procedure would be to seek modification when and if Mr. Sauer's conduct provides a reasonable inference that he is abusing or on the verge of abusing drugs. At that time, the probation office is free to seek a modification. Accordingly, Mr. Sauer opposes the Request For Course Of Action.

DATED: Honolulu, Hawaii, April 30, 2008.

/s/Shanlyn A.S. Park
SHANLYN A. S. PARK
Attorney for Defendant
MICHAEL ANDREW SAUER